**Charles P. RITTER, Plaintiff,**

v.

**ALLIED PRODUCTS
CORPORATION, Defendant.**

**No. S87–642.**

United States District Court,
N.D. Indiana,
South Bend Division.

Aug. 7, 1989.

---

David C. Chapleau, John C. Hamilton, South Bend, Ind., for plaintiff.

Kathleen K. Brickley, Susan E. Spangler, South Bend, Ind., John O. Sheller, Mark D. Boveri, Fort Wayne, Ind., for defendant.

**MEMORANDUM AND ORDER**

MILLER, District Judge.

Charles Ritter brings this action against his former employer, Allied Products Corporation ("Allied"), alleging age discrimination pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* Mr. Ritter was terminated from Allied on July 24, 1987 at age 54. Allied seeks summary judgment against Mr. Ritter on the grounds that he has failed to come forward with evidence of pretext after Allied has asserted legitimate non-discriminatory reasons for his discharge and that Mr. Ritter has failed to make out a *prima facie* case with regard to his failure to rehire claim. Allied also has moved to strike portions of affidavits submitted in opposition to the summary judgment motion.

This cause is currently set for a final pretrial conference on August 10, 1989 and a three-day jury trial on August 14, 1989. Due to the briefing schedule (the motion for summary judgment was not ripe for ruling until August 1, 1989), Mr. Ritter has not responded to the motion to strike. On August 7, Mr. Ritter filed a motion for taking oral testimony and a request for oral argument on the motion for summary judgment. After reviewing the record in this case, the court finds that genuine issues of material fact exist without resort to the challenged portions of the affidavits, and, accordingly, the court declines to rule on the motion to strike.

A review of the materials in support of and opposing Allied's motion indicates that Mr. Ritter has established a *prima facie* case for a reduction in force case by showing that he was within the protected age group, that he was performing according to his employer's legitimate expectations, that he was terminated, and that others not in the protected class were treated more favorably.[1] *Oxman v. WLS–TV,* 846 F.2d

---

1. Allied argues that Mr. Ritter has not established a *prima facie* case with regard to his failure to rehire claim because the employee selected to fill a third shift maintenance position was only four years younger than Mr. Rit-
ter and also in the protected age category. Mr. Ritter has responded by arguing that he was also qualified to be rehired as a die setter, but was not considered for the position, and a much younger man was given the job. While a genu-

448, 455 (7th Cir.1988). Allied has rebutted Mr. Ritter's *prima facie* case with legitimate, nondiscriminatory reasons for his termination and failure to rehire, satisfying its burden of production. Accordingly, the case turns on whether Mr. Ritter has proffered enough evidence suggesting that Allied's reasons are pretextual to survive the motion for summary judgment.

An examination of the recent case of *Oxman v. WLS-TV*, 846 F.2d 448, 456 (1988), shows that this burden is not inordinate. Summary judgment may even resolve questions of motivation, *see Beard v. Whitley County REMC*, 840 F.2d 405, 409–10 (7th Cir.1988), but such issues should be approached only with the utmost caution. *Williams v. Williams Electronics, Inc.*, 856 F.2d 920, 924 n. 7 (7th Cir.1988).

Mr. Ritter has met his burden under Fed.R.Civ.P. 56 by demonstrating the existence of disputed facts. By way of affidavit and deposition testimony, Mr. Ritter has come forth with evidence to support a showing of pretext on the question of whether the discharge of another maintenance supervisor outside the protected classification was a pretext intended to disguise the real motive for discharging Mr. Ritter and whether the reduction in force itself was pretextual.

Accordingly, the defendant's motion for summary judgment should be, and hereby is, DENIED. The defendant's motion to strike and the plaintiff's motion for oral argument and testimony on the summary judgment motion are DENIED AS MOOT.

SO ORDERED.

ine issue of material fact exists regarding whether Mr. Ritter was qualified for the position of die setter, summary judgment is inappropriate at this stage of the proceedings since the court cannot weigh evidence on a summary judgment motion, and Mr. Ritter has come forth with facts tending to show that he was qualified for the position of die setter. (Hurley Dep. at 68). Accordingly, Mr. Ritter is entitled to present evidence that Allied's reasons for not rehiring him are pretextual.